United States Bankruptcy Court
District of Massachusetts

RE: Thomas Gove
# 09-22405 jnf

**FILING FEE PAID**

Motion for Relief from Stay

Now comes the said George T. O'Brine and asks this Honorable Court to release the automatic stay in this matter as there is a hearing on a contempt petition against the debtor scheduled for March 7, 2010 at The Middlesex Probate Court.

George T. O'Brine asserts that the provisions of 11 U.S.C. 362 (d) is applicable as the debtor lacks protection of an interest in the property sought to be protected. (See Exhibits A and B).

See pg 8



ERA   09-22405 JNF

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

JAN 22'10 PM 3:58 US?

Middlesex Division

Docket No.   08D-0039-DV1

### Judgment of Divorce Nisi

**Thomas E. Gove, Jr., Plaintiff**

of Blackstone in the County of Worcester

v.

**Carrie Ann Fawlkes, Defendant**

of Ashland in the County of Middlesex

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said plaintiff for the cause of Irretrievable Breakdown of the marriage pursuant to M.G.L. Chapter 208, Section 1B as provided by Chapter 208, sections 1, 2 and that upon and after the expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such period, the Court shall otherwise order. It is further ordered that the parties shall comply with the terms of an Agreement dated August 20, 2009 which is filed, incorporated and not merged into this Judgment, but shall survive and have independent legal significance, except for those provisions related to the child which shall merge and shall not survive.

The court finds that said Agreement is fair and reasonable for the parties in the circumstances of this case,

Date: August 20, 2009

_____
Leilah A. Kearny
Justice of Probate and Family Court

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
Probate and Family Court Department
Middlesex Division

JAN 22 '10 PM 3:59 USB

MIDDLESEX, SS                                         DOCKET NO. 08D-0039-DV1

THOMAS E. GOVE, JR., )
   Plaintiff )
                     )
v.                    )
                     )
CARRIE ANN FAWKES, )
   Defendant )

## STIPULATION

The following shall be incorporated into the judgment of divorce. All child-related provisions shall merge into the judgment. All other provisions shall survive the judgment.

1. **Weekday Parenting.** Carrie Ann Fawkes ("Mother") shall have parenting time with the minor child on Wednesdays from after school, if a school day, until 8 p.m. and shall pick up the child from school and return the child to the residence of Thomas E. Gove, Jr. ("Father"). If not a school day, Mother shall have the child from after day camp, if the child attends day camp (and shall pick up the child from day camp), or 3:00 if the child does not attend day camp, and shall return the child to Father's residence at 8:00 p.m. Mother shall not be required to take the child to any extracurricular activities on Wednesdays, except for official school events which are regularly scheduled.

2. **Summer Vacation:**

   A. Each party shall be entitled to three (3) weeks' vacation (each week being defined as seven days) with the child each summer, two weeks consecutively at a time (each, a "Summer Vacation Period"), upon minimum sixty (60) days' notice to the other party for each Summer Vacation Period. When a party takes a Summer Vacation Period, he or she shall not take a second Summer Vacation Period until at least two (2) weeks have elapsed since the end of the first Summer Vacation Period (to allow the other party to take a Summer Vacation Period in

1

between them, if the other party desires). Exact dates and pick up and drop off times shall be arranged between the parties in advance in good faith, and neither party shall deny the other party's requests for dates and times without good cause (normal visitation schedules and extracurricular activities of the child shall not be deemed good cause).

      B.    Each party shall be responsible for pick up and drop off at the other party's residence in connection with his or her own Summer Vacation Periods.

      C.    Each party shall provide the other party with his or her vacation plans, itinerary and contact information at least seven (7) days in advance of each Summer Vacation Period.

      D.    Neither party shall require the child's participation in activities during the other party's Summer Vacation Periods.

      3.    <u>Family Photo Albums</u>. Father has the five family photo albums with him at Court today. He shall turn them over to the custody of Mother's attorney, Maurice J. Ringel, Esq., forthwith. Mr. Ringel shall obtain a quote for making duplicates of the photos, and shall provide the quote to the parties within thirty days of this date. Each party shall advance one-half the cost of the quoted copying cost to Mr. Ringel within seven days after receipt of the quote. Upon receipt of costs from both parties, Mr. Ringel shall arrange to have the copies made, and Mr. Ringel shall furnish the copies to Father and the originals in the albums to Mother.

4. THE PARTIES ACKNOWLEDGE THAT THE DEFENDANT MOTHER IS CURRENTLY EXPECTING A CHILD WITH A DUE DATE OF SEPTEMBER 21, 2009. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE PLAINTIFF IS NOT THE FATHER OF THIS CHILD AND THAT THE CHILD IS NOT THE PRODUCT OF THIS MARRIAGE.

Plaintiff: _____    Defendant: T.G. _____

Plaintiff's Counsel: _____    Defendant's Counsel: _____

Dated: August 20, 2009

12. <u>Christmas Eve and Christmas Day; Christmas School Break; New Year' Day</u>:

A. Beginning with calendar year 2009 and every odd-numbered year thereafter HUSBAND shall have the child with him on December 24 from 5:00 p.m. through Christmas Day at 5:00 p.m., at which time the WIFE shall pick up the minor child. The WIFE shall have the minor child through December 29 at 5:00 p.m. The WIFE shall drop off the child with the HUSBAND at 5:00 p.m. and the HUSBAND shall have the child through January 1. The parties' regular visitation schedule shall resume the following day.

B. Beginning with calendar year 2010 and every even-numbered year thereafter WIFE shall pick up the child and have the child with her on December 24 from 5:00 p.m. through Christmas Day at 5:00 p.m. at which time she shall drop off the child to the HUSBAND. The HUSBAND shall have the child through December 29 at 5:00 p.m. at which time the WIFE shall pick up the child and have the child through January 1 at 5:00 p.m. The parties' regular visitation schedule shall resume the following day.

13. <u>February School Break</u>: Beginning with calendar year 2010, and every year thereafter, the child shall be with the HUSBAND during the February school break.

14. <u>April School Break</u>: Beginning with calendar year 2010, and every year thereafter, the child shall be with the WIFE during the April school break.

15. <u>Thanksgiving</u>: Beginning with calendar year 2009, and every odd-numbered year thereafter, the child shall be with WIFE from 5:00 p.m. on Wednesday through Friday morning at 10:00 a.m., at which time the normal parenting schedule will resume. Beginning with calendar year 2010, and every even-numbered year thereafter, the child shall be with HUSBAND from 5:00 p.m. on Wednesday through Friday morning at 10:00 a.m., at which time the normal parenting schedule will resume. The WIFE shall be responsible for all transportation required by her for this visit.

16. <u>Easter Sunday</u>: Beginning with calendar year 2010, and every even-numbered year thereafter, the child shall be with HUSBAND on Easter Sunday from 9:00 a.m. (if on WIFE's normal Visitation Weekend) until 6:00 p.m., at which time the normal parenting schedule will resume. Beginning with calendar year 2011, and every odd-numbered year thereafter, the child shall be with WIFE on Easter Sunday from 9:00 a.m. (if on HUSBAND's normal custody weekend) until 6:00 p.m., at which time the normal parenting schedule will resume. The WIFE shall be responsible for all transportation required by her for this visit.

3



17.  **July 4 Holiday:** If July 4 falls on a weekend, the child shall be with the parent who has normal parenting on that weekend (for example: in 2010, in which year July 4 falls on a Sunday). If July 4 falls on a weekday, the parties shall alternate years with the child, with the HUSBAND having the first such weekday (for example: July 4, 2011 falls on a Monday, and HUSBAND shall have the child; July 4, 2012 falls on a Wednesday, and WIFE shall have the child). If WIFE shall have the child on a weekday which is not a Visitation Weekday, she shall have the child from 9:00 a.m. until 8:00 p.m. If HUSBAND shall have the child on a normal day for WIFE, the HUSBAND shall have the child from 9:00 a.m. until 8:00 p.m. The WIFE shall be responsible for all transportation required by her for this visit.

18.  **Veterans' Day School Holiday (November 11):** Beginning with calendar year 2009, and every odd-numbered year thereafter, the child shall be with HUSBAND on the Veterans' Day school holiday from 9:00 a.m. until 6:00 p.m., at which time the normal parenting schedule will resume. Beginning with calendar year 2010, and every even-numbered year thereafter, the child shall be with WIFE on the Veterans' Day school holiday from 9:00 a.m. until 6:00 p.m., at which time the normal parenting schedule will resume, provided the WIFE is not at work on this day.

19.  In the event of any serious illness of the child, the parent with whom the child is staying shall immediately notify the other parent, and such parent shall have the right to visit with the child during any such illness.

20.  The schedules and terms set forth above in paragraphs 7 through 19, above, shall supersede the regular parenting plan (paragraphs 4, 5 and 6 being the regular parenting plan).

21.  Unless otherwise agreed by the parties from time-to-time, all pick ups and drop offs of the child shall be at the respective parent's residence, if not at school or day camp.

22.  Each party shall have reasonable telephone access to the child while the child is with the other party, whether during either party's regular parenting time or at any other time the child is with either party.

23.  Neither parent shall attempt, directly or indirectly, to prejudice the child against the other parent or members of his or her family, but on the contrary, shall at all times encourage and foster in the child respect and affection for both parents and their families. Neither party shall, in the presence of the child, utter or cause to be uttered, any disparaging remarks or statements about the other party, nor shall either party permit the child to remain in the presence

4

CF
7-G

of any person who makes such disparaging remarks or acts in other ways to harm the parental relationship of the other party.

24. Each party shall have all those rights generally afforded a custodial parent to have direct access, without further permission of the other party, to the child's medical and dental records, and to the individuals who provide medical, psychological, dental or other services to the child.

25. Each party shall consult with the other as promptly as practicable in all important matters involving the child.

26. HUSBAND and WIFE shall both be entitled to communicate directly with the faculty and administration of the schools which the child is attending from time to time, and to receive and review all reports and records concerning the child's progress at school and school activities.

27. Each party shall be permitted to attend any and all regularly scheduled school and extracurricular events where a parent attends as a spectator (including, without limitation, concerts, plays, performances, functions, practices, games, and graduations), irrespective of which parent has the child for normal parenting at that time.

28. HUSBAND and WIFE shall both be entitled to participate in all activities in which the child is involved including, but not limited to, school activities, recitals, sports practices and games, extracurricular activities and music), irrespective of which parent has the child for normal parenting at that time.

29. Both parties shall be allowed access to the child's school records as provided in M.G.L. Chapter 71, Section 34H.

30. Except as otherwise expressly set forth above, each party shall be responsible for taking the child to all activities and functions scheduled during his or her respective parenting time with the child.

5



## EXHIBIT B

## DIVISION OF MARITAL PROPERTY AND DEBT

1.   <u>Real Property</u>: The parties do not currently own real estate nor did they acquire and/or dispose of any real estate during the course of the marriage.

2.   <u>Personal Property</u>: Except as set forth in paragraph 3, below, the parties acknowledge that they have heretofore divided between them all their personal property to their mutual satisfaction. Henceforth, each of them shall own, enjoy, and have, independently of any claim or right of the other, all items of personal property of every kind now or hereafter owned or held by him or her, with full power to dispose of the same as fully and effectually, in all respects and for all purposes, as if he or she were unmarried.

3.   <u>Photo Albums</u>: This section intentionally omitted.

4.   <u>Tax Refunds</u>: HUSBAND waives his claim to any and all tax refunds received by WIFE resulting from the jointly-filed income tax returns for 2007.

5.   <u>Debt</u>: Each party shall be responsible for any and all debt incurred in their respective individual names to the date hereof. There is no joint debt.

6.   <u>Retirement Accounts</u>: neither party has a retirement account.



## EXHIBIT C

## FINANCIAL ARRANGEMENTS

1.  <u>Child Support</u>: WIFE shall pay the HUSBAND $30 per week, each Friday as child support, until the child is emancipated as defined in M.G.L. c. 208, § 28 or as otherwise set forth in the Child Support Guidelines.

2.  <u>Alimony</u>: Each party covenants that he and she waives and renounces the right to seek, claim or receive any payment or payments of past, present and future alimony or payments or conveyances in the nature of past, present and future alimony.

3.  <u>Medical Insurance and Expenses</u>:

    A.  Each party shall be responsible for his and her own health insurance and all costs associated with the insurance. Each party shall be solely responsible for his and her own uninsured medical, dental, hospital, pharmaceutical, counseling, psychiatric, psychological, or other types of health care expenses past, present and future.

    B.  The parties' minor child is presently insured by MassHealth, through the HUSBAND. The parties agree that they shall obtain health insurance for the benefit of the minor child if and when available to either of them through employment at a reasonable cost, and shall share equally the cost of the employee-required contributions to the premiums attributable solely to insuring the child (but not the parent). HUSBAND and WIFE shall share equally payment of any and all routine uninsured health and dental/vision expenses for the child. Extraordinary and/or elective health care expenses for the child shall be discussed by the parties in each instance; and if the parties agree on providing the care, but fail to agree on apportionment of the cost, the party who was the initial proponent of the treatment shall pay the cost.

4.  <u>Education Expenses</u>:

    A.  The child is presently attending Mercymount County Day School. HUSBAND shall pay all costs associated with the child's attendance at that school or at any other private school.

    B.  <u>Higher Education Expenses</u>: The parties agree that the child shall receive the best education available to the child in light of her aptitude and interest including education at the college level. Each of the parties shall be responsible to contribute to the educational expenses of the minor children in accordance with their respective financial abilities at that time



after taking full advantage of all scholarships and work study programs that might be available from all sources. If the parties are unable to agree to a reasonable contribution, either may request a Complaint for Modification to determine the respective contributions.

5. <u>Guardian Ad Litem</u>: HUSBAND shall pay for the cost of the Guardian Ad Litem, Attorney George T. O'Brine, in this action.

6. <u>Counsel Fees</u>:

A. Each party shall pay the fees and expenses of his or her counsel incurred in connection with this action and negotiations leading up to the execution of this Agreement.

B. Each of the parties hereby agrees to indemnify and hold the other harmless from and against any and all costs, including but not limited to, reasonable attorney's fees, incurred by the other as a result of his or her breach of any provision of this Agreement.

7. <u>Tax Returns</u>:

A. For the tax and calendar year beginning 2009 and all tax years thereafter, the parties shall file separate returns. Beginning with the filing of taxes for tax year 2009, HUSBAND shall be entitled to take the tax credits and exemptions for the child.

B. If either party receives a notice of an audit from either the Internal Revenue Service or the Massachusetts Department of Revenue for a tax year that they were married and filed a joint return he or she will notify the other party promptly, and both parties shall cooperate fully with any proceeding resulting from the audit. If any such audit results in a tax deficiency, then the party responsible for the deficiency shall be responsible for any and all taxes due. If the parties are unable to ascertain the responsibility for the deficiency, then the deficiency shall be split equally between the parties.

8

JAN 22'10 PM 3:59 USB

Certificate of Service # 22405 jnf

I, George T. O'Brine, hereby certify that I have mailed postage prepaid on January 22, 2010, a copy of this Motion for Relief from Stay to the below named parties at the below named addresses:

Attorney Mark Bartolomei
51 Union Street
Suite G 10
Worcester, Ma. 01608

Mr. Thomas Gove
Unit 15
24 Magnolia Ave.
Attleboro, Ma. 02703

Trustee Stephen Shamban
222 Forbes Road
Po. Box 35093
Braintree Ma. 02185